UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.A. RASMUSSEN CO. LLC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KEITH STALION LANDSCAPING, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> _____ ) | No. C05-2725 BZ <br><br> **ORDER GRANTING DEFENDANT UNDERGROUND CONSTRUCTION, INC.'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ENTRY OF ORDER BARRING CONTRIBUTION CLAIMS** |

    Plaintiff C.A. Rasmussen Company LLC filed this action, alleging defendant Underground Construction, Inc. ("Underground") and other defendants illegally deposited contaminated soil on plaintiff's land and seeking $125,000 in damages. Compl. ¶¶ 19-21, 35. After settling with plaintiff for $10,000, Underground filed a motion for approval of the settlement agreement and entry of order barring contribution claims.[1] Plaintiff has filed a

---

[1] All parties appearing thus far have consented to the jurisdiction of a United States Magistrate Judge for all proceedings including entry of final judgment pursuant to 28

1

1   certificate of non-opposition to the motion.  Defendants V.
2   Dolan Trucking, Inc. ("Dolan") and Argonaut Constructors,
3   Inc. ("Argonaut") do not oppose the motion but request that
4   the Court grant Underground's motion in accordance with the
5   provisions for equitable apportionment of fault under the
6   Uniform Comparative Fault Act ("UCFA").  At the Case
7   Management Conference on October 31, 2005, counsel for
8   defendant Avery & Avery Excavating ("Avery") agreed with
9   Dolan's and Argonaut's position.  Following the hearing on
10  November 9, 2005, defendant Fedco Construction, Inc.
11  ("Fedco") filed a letter dated November 11, 2005, stating
12  that it had decided not to challenge Underground's motion.
13       Underground, Dolan, Argonaut and Avery urge the Court
14  to apply the UCFA instead of the "pro tanto" rule derived
15  from California Code of Civil Procedure §§ 877 and 877.6
16  and <u>Tech-Bilt, Inc. v. Woodward-Clyde & Associates</u>, 38 Cal.
17  3d 488 (1985) and <u>American Motorcycle Association v.
18  Superior Court</u>, 20 Cal. 3d 578, 604 (1978)("A plaintiff's
19  recovery from non-settling tortfeasors should be diminished
20  only by the amount that the plaintiff has actually
21  recovered in a good faith settlement, rather than by an
22  amount measured by the settling tortfeasor's proportionate
23  responsibility to the injury.")  The UCFA provides that,
24  "the claim of the releasing person against other persons is
25  reduced by the amount of the released person's equitable
26  share of the obligation determined in accordance with the

---

28  U.S.C. § 636(c).

2

1 provisions of Section 2." UCFA § 6.  Under the UCFA,
2 plaintiff's total claim is reduced by the proportionate
3 share of the settling defendant.  Non-settling defendants
4 may not seek contribution from the settling defendant.
5 Under the UCFA, plaintiff bears the risk that the ultimate
6 liability of the settling defendant may exceed the
7 settlement amount.  By contrast, under the pro tanto
8 approach, the dollar amount of settlement is deducted from
9 the judgment, and the non-settling defendants must pay the
10 remainder.
11      In the absence of clear guidance under statute or case
12 law on how to allocate environmental clean up costs in
13 private contribution lawsuits, courts must exercise
14 discretion in deciding which approach would best advance
15 the interests of justice.  <u>MFS Municipal Income Trust, et
16 al., v. American Medical International, Inc., et al.</u>, 751
17 F.Supp. 279, 286 (D. Mass. 1990).  The Ninth Circuit has
18 favored the comparative fault approach, as advocated by
19 Underground, over the pro tanto approach in the interests
20 of punishing wrongdoers, limiting liability to relative
21 culpability and encouraging early and complete settlements.
22 <u>Franklin v. Kaypro Corporation</u>, 884 F.2d 1222, 1231 (9th
23 Cir. 1989).  Plaintiff's concerns regarding compensation of
24 tort victims and certainty of damages may also weigh in a
25 court's decision.  In this case, applying the UCFA best
26 achieves the goals articulated by the Ninth Circuit with
27 minimal disadvantages.  Using the UCFA approach will
28 apportion damages according to fault and limit liability to

each party's proportionate share of fault, leading to more parties being willing to settle.

The number of parties and complexity of issues in this case make it similar to actions under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, to which courts in New York, Pennsylvania, Illinois and Missouri have applied the UCFA. Although not an action under CERCLA, this case does involve multiple parties and environmental issues.  Several defendants have not yet appeared before the Court,[2] and further defendants may be added.[3]  This factor favors applying the UCFA, which appears to better protect the interests of defendants who have yet to appear.

Using the UCFA approach also negates the need for an evidentiary hearing, and its attendant cost and delay, to determine the fairness and good faith of the settlement. Edward Hines Lumber Co. v. Vulcan Materials Co., 861 F. 2d 155 (7th Cir. 1988)(evidentiary hearing to explore the fairness and good faith nature of the settlement is not required); Kelley v. Thomas Solvent Co., 717 F. Supp. 507 (W.D. Mich 1989).[4]  The disadvantages of the UCFA approach

---

[2]  A default has been entered against defendant Keith Stalion dba Keith Stalion Landscaping.  Defendant Northwestern Construction ("Northwestern") was recently served and has not yet appeared.  Defendant Fedco is seeking to set aside the default entered against it.

[3]  Dolan has filed a cross-complaint against parties not already included in this action.

[4]  Were California law to govern, I would still approve the proposed settlement, since evidence exists to support a finding of reasonableness and good faith.  None of

4

are minimal since plaintiff is willing to settle with Underground and bear the risk of settling for an amount that turns out to be too low.

**IT IS HEREBY ORDERED** that Underground's motion for approval of the settlement agreement and entry of order barring contribution claims pursuant to the Uniform Comparative Fault Act is **GRANTED**.  Other parties to this action are barred from bringing claims for contribution against Underground that relate to the claims and disputes that are alleged or could have been alleged in this action.

Dated:  November 30, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\C.A.RASMUSSEN CO\UNDERGROUND.ORDER.wpd

---

the parties that have appeared are disputing that the settlement is in good faith, and there is no reason to find otherwise.  Plaintiff's counsel has declared that the settlement was negotiated at arm's length. <u>Wellman v. Dickinson</u>, 647 F. 2d 163 (2nd Cir. 1981)(Where there is arms-length bargaining among the parties and sufficient discovery has taken place to enable counsel to evaluate accurately the strengths and weaknesses of the plaintiff's case, there is a presumption in favor of settlement.)  In an action where plaintiff seeks $125,000 in damages from roughly 10 defendants, Underground's settlement for $10,000 seems within the "ballpark."  <u>Tech-Bilt</u>, 38 Cal. 3d at 488 (taking into account a number of factors, "including a rough approximation of plaintiffs' total recovery and the settler's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settler should pay less in settlement than if he would be found liable after trial," to determine if a settlement is in good faith).

5