1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8        NORTHERN DISTRICT OF CALIFORNIA
9

10 | C.A. RASMUSSEN CO. LLC.,        )
   |                                 )
11 |         Plaintiffs,             )    No. C05-2725 BZ
   |                                 )
12 |     v.                          )    **ORDER GRANTING PLAINTIFF'S**
   |                                 )    **MOTION FOR DEFAULT JUDGMENT**
13 | KEITH STALION LANDSCAPING,      )
   | et al.,                         )
14 |                                 )
   |         Defendants.             )
15 | _____ )

16       After settling with the other defendants in this action,
17  plaintiff C.A. Rasmussen Co. LLC. has moved for default
18  judgment and attorneys' fees against defendant Keith Stalion
19  Landscaping, a landscaping services company.[1]
20       Plaintiff served defendant with the complaint on or about
21  June 20, 2005.  Defendant did not answer or otherwise defend
22  this action, and the Clerk entered defendant's default on
23  November 3, 2005.  By its default, defendant has admitted the
24  well-pleaded averments of the complaint.  See Fed. R. Civ. P.
25  8(d).  The complaint alleges that defendant was involved in

---

[1] All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) for all proceedings, including entry of final judgment.

1

1  depositing contaminated soil on plaintiff's property, and
2  plaintiff incurred damages in excess of $125,000 in removing
3  and properly disposing of such contaminated soil.  Plaintiff
4  now moves for default judgment against defendant in amounts of
5  $30,000 in damages and $15,000 in attorneys' fees.
6      Pursuant to Rule 55(b)(2), the court may enter a default
7  judgment against a party against whom default has been
8  entered.  The decision to grant or deny a default judgment
9  under Rule 55(b) is within the discretion of the court.  Eitel
10 v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).
11     In this case, plaintiff's motion for default judgment is
12 **GRANTED**, but in an amount less than it has requested.
13 Plaintiff concedes that it incurred approximately $125,000 in
14 remediating its property, and that it previously settled with
15 the other defendants and received compensation in the amount
16 of $107,500.  Motion 5:20-24.  Therefore, plaintiff is
17 entitled to only $17,500 in damages to be fully compensated,
18 and plaintiff has shown no reason why it should receive more
19 than compensatory damages.  See Wu v. Ip, 1996 WL 428342, at
20 *1 (N.D. Cal. Jul. 25, 1996) (awarding plaintiff default
21 judgment in an amount less than the requested amount because
22 she may only recover compensation for damages that naturally
23 flow from the injuries pled); see also Dills v. Caldwell, 2006
24 WL 2469352, at *2 (W.D. Tex. Aug. 25, 2006) (adopting
25 magistrate judge's award of default judgment in the amount of
26 $1,000, which would fully compensate plaintiff for his
27 damages).
28     A "Response" to plaintiff's motion was filed by attorney

2

Michael C. Fallon, who identified himself as "Attorney for Debtor." In his declaration, Mr. Fallon avers that Keith Stalion, who does business as Keith Stalion Landscaping, filed a bankruptcy petition in 2001 which was terminated in 2003. Mr. Fallon does not contest that default was properly entered against Keith Stalion Landscaping or the amount of plaintiff's damages. Instead, he suggests that the debt was discharged in the bankruptcy proceeding. Inasmuch as it does not appear that any bankruptcy stay prohibits me from adjudicating plaintiff's motion, I am entering judgment for the plaintiff without making any determination as to whether the debt was discharged in the earlier bankruptcy proceeding, an issue which has not been placed properly before me.

To the extent plaintiff requests $15,000 in attorneys' fees as part of this judgment, the request is **DENIED**. Plaintiff has not submitted any documentation to support such a request. See Amended Order Correcting Dates Re Hearing On Plaintiff's Motion For Default Judgment, dated July 7, 2006; see also Civil Local Rule 54-6.

I find no need for argument or a hearing. The hearing scheduled for Wednesday, November 1, 2006 is **VACATED**. For the foregoing reasons, **IT IS ORDERED** that plaintiff's motion for default judgment against Keith Stalion Landscaping is **GRANTED**, in the amount of $17,500.

Dated: October 27, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\C.A.RASMUSSEN CO\DEF.JUD.ORDER1.wpd